# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ann Beltz,**
**Plaintiff Below, Petitioner**

**FILED**

**December 4, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0536** (Ohio County 13-C-13)

**Brian L. Dunfee,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ann Beltz, appearing *pro se*, appeals the order of the Circuit Court of Ohio County, entered April 17, 2013, that ordered petitioner to immediately surrender a boat and trailer to respondent and to repay respondent $1,252.50 for personal loans he had made to petitioner. Respondent Brian L. Dunfee, by counsel Donald J. Tennant, Jr., filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner sued respondent in the Magistrate Court of Ohio County alleging that respondent (1) illegally repossessed a 1998 GMC pickup truck that respondent had sold petitioner; (2) committed fraud; and (3) failed to register the titles to a 1973 Starcraft Cuddy Cabin boat and trailer with the West Virginia Division of Motor Vehicles ("DMV"), which rendered respondent's sale of the boat and trailer to petitioner illegal. The case was subsequently removed to the Circuit Court of Ohio County where respondent filed an answer and various counterclaims regarding personal loans he had made to petitioner. Respondent specifically alleged that one of these loans was to enable petitioner to pay the DMV so that she could change the titles to the truck, the boat, and the trailer.

The parties appeared for a bench trial on April 5, 2013. Following trial, the circuit court rendered its judgment:

> With respect to [petitioner's] Complaint, the Court notes that the evidence presented at trial established the nature of the agreement between the parties and the framework of the same, as well as [petitioner's] violation of said agreement. Indeed, [respondent] presented evidence of the agreement between [petitioner] and [respondent] wherein [respondent] would sell to

1

[petitioner] a boat, truck and trailer along with the specific payment conditions attached thereto. Further evidence was presented regarding the penalty of forfeiture of the subject items if [petitioner] missed two (2) consecutive payments. Evidence was also presented at trial confirming that [petitioner] did in fact miss two (2) consecutive payments. Finally, the Court notes that there was no evidence and/or witnesses from the [DMV] to corroborate the arguments presented by [petitioner] during trial. Consequently, the Court **FINDS** in favor of [respondent] with respect to the claims made in [petitioner's] Complaint as well as in Defendant's Counterclaim #1.

With respect to the balance of [respondent's] counterclaims, the Court notes that [respondent] presented competent and credible evidence during trial that he lent [petitioner] $1,252.50, but that [petitioner] did not pay [respondent] back. Specifically, said evidence consists of [respondent's] own testimony as well as copies of the checks written to [respondent] by [petitioner] in an attempt at reimbursement of the monies borrowed, but which were not honored by [respondent's] bank for insufficient funds in the account against which [petitioner's] checks were written. Consequently, the Court **FINDS** in favor of [respondent] with respect to [respondent's] Counterclaims #2 and #3. The Court is, however, not inclined to grant an award of punitive damages in this matter.

Accordingly, and as a result of the foregoing, [petitioner] is hereby **ORDERED** to immediately surrender to [respondent] the subject boat and trailer. [Petitioner] is further **ORDERED** to reimburse [respondent] $1,252.50 [(footnote omitted)].

Petitioner now appeals the circuit court's April 17, 2013 judgment order.

We apply the standard for reviewing a judgment entered following a bench trial:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

2

On appeal, petitioner asserts that respondent decided that he wanted the truck and the boat back after discovering she had made substantial repairs to the vehicles. Petitioner further asserts that check number 9991 was returned as "not authorized" rather than for "insufficient funds."[1] Petitioner also contends that the DMV allowed respondent to put the boat and trailer in petitioner's name before requiring respondent to pay the past due taxes and fees that he owed.

Respondent counters that petitioner entered into a series of agreements that provided for the return of the items purchased if petitioner failed to make the required payments. Respondent asserts that petitioner also failed to repay the personal loans respondent made to her. Finally, respondent notes that the circuit court specifically found that there was no evidence to corroborate petitioner's allegations concerning the conduct of the DMV.

Petitioner did not request that the transcript of the April 5, 2013 bench trial be made a part of the record on appeal. However, the record does contain petitioner's bank records which reflect that her check no. 9991 was returned for "insufficient funds." The record further supports the circuit court's findings that petitioner failed to make the payments she agreed to make and that no evidence was presented to substantiate petitioner's allegations concerning the DMV. This Court finds that petitioner's mere disagreement with the circuit court's judgment will not overcome the significant deference afforded to the findings made by a court following a bench trial. *See* Rule 52(a), W.V.R.C.P. (When a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."); *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in ordering the immediate surrender of the boat and trailer by petitioner to respondent and in awarding respondent a judgment in the amount of $1,252.50 for unpaid personal loans.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1] According to petitioner, check number 9991 was not honored because respondent attempted to cash the check more than six months after she had written it.